# In the United States Court of Federal Claims

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| **MARK BOISER**, *et al.*, *pro se*, | * | |
| Plaintiffs, | * | |
| v. | * | No. 06-78L |
| **THE UNITED STATES**, | * | (Filed June 6, 2006) |
| Defendant. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## ORDER

On February 1, 2006, plaintiffs filed their complaint alleging violation of the Hawaiian Homes Commission Act of 1920, Pub. L. 67-34, 42 Stat. 108 (1921), which they contend comes under the auspices of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 (2000) ("RICO"). Defendant filed its Motion To Dismiss on March 27, 2006, and plaintiffs responded on April 3, 2006, with their motion to dismiss defendant's dispositive motion, accompanied by five sets of documents. By order entered on April 6, 2006, the court returned the five sets of documents to plaintiffs, because they were not responsive to defendant's motion and required that plaintiffs supplement their opposition with legal arguments by April 27, 2006. In the interim, defendant on April 17, 2006, filed its reply to plaintiffs' April 3, 2006 submission. Plaintiffs did not file a supplement to their opposition.

After their failure to collect damages in similar suits at the trial level and appellate levels, several different plaintiffs filed a claim in the United States Court of Federal Claims alleging: 1) illegal transfer of private insular commercial lands and their sailing vessels by the U.S. Coast Guard; 2) crimes against humanity in the Universal Declaration of Human Rights, G.A. Res. 217A, U.N. GAOR, 3d Sess., 1st plen. mtg., U.N. Doc A/810 (Dec. 10, 1948); 3) violation of the Compact of Free Association Act of 1985, Pub. L. No. 99-239, 99 Stat. 1770 (1986); 4) violation of Proclamation No. 3309, 24 Fed. Reg. 6868 (Aug. 25, 1959), admission of Hawaii to the union; 5) violation of rights protecting exhumed bones and artifacts under the Native American Graves Protection and Repatriation Act, Pub. L. No. 101-601, 104 Stat. 3048 (1990); and 6) taking of rights to mines, minerals, and water by the Congress and other entities of the United States. They seek over $8 million in damages.

Plaintiffs sued in the United States District Court for the District of Hawaii and appealed to the United States Court of Appeals for the Ninth District, to no avail. Plaintiffs have written to President George W. Bush and Chief Judge Edward J. Damich, among others, with no responses attached.

1. Jurisdiction

As plaintiffs are *pro se* litigants, the court holds them to a less stringent standard than members of the bar. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520 (1972); Forshey v. Principi, 284 F.3d 1335, 1357 (Fed. Cir. 2002); Kelley v. Sec'y of Labor, 812 F.2d 1378, 1380 (Fed. Cir 1987) (agreeing that "leniency with respect to mere formalities should be extended to a *pro se* party," such as considering a letter to be a summons and complaint). The United States Court of Claims approved of straining the court's "proper role in adversary proceedings to the limit, [to search the] record to see if [a *pro se*] plaintiff has a cause of action somewhere displayed." Ruderer v. United States, 412 F.2d 1285, 1292 (Ct. Cl. 1969). However, while "[t]he fact that [a plaintiff] acted *pro se* in the drafting of his complaint may explain its ambiguities, . . . it does not excuse its failures, if such there be." Henke v. United States, 60 F.3d 795, 799 (Fed. Cir. 1995). In this case the incoherent and prolix allegations of their complaint violate the RCFC 8(a)(1) and (2), which require a "short and plain statement of the grounds upon which the court's jurisdiction depends . . . and the claim showing that the pleader is entitled to relief."

Although plaintiffs are given some leniency in presenting their case, their *pro se* status does not render them immune from pleading facts upon which a valid claim can rest. See, e.g., Ledford v. United States, 297 F.3d 1378, 1382 (Fed. Cir. 2002) (affirming the dismissal of *pro se* plaintiff's complaint seeking unpaid tax refund); Constant v. United States, 929 F.2d 654, 658 (Fed. Cir. 1991) (sanctioning *pro se* plaintiff for filing a frivolous appeal). As this court stated in Demes v. United States, "[w]hile a court should be receptive to *pro se* plaintiffs and assist them, justice is ill-served when a jurist crosses the line from a finder of fact to advocate." 52 Fed. Cl. 365, 369 (2002); see also Bernard v. United States, 59 Fed. Cl. 497, 499 (2004) ("This latitude [afforded to *pro se* plaintiffs], however, does not relieve a pro se plaintiff from meeting jurisdictional requirements."), aff'd, 98 Fed. Appx. 860 (Fed. Cir. 2004) (unpubl. table).

Under the Tucker Act, 28 U.S.C. § 1491(a)(1) (2000), the United States Court of Federal Claims is authorized to "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." This jurisdiction extends only to claims for money damages and must be strictly construed. United States v. King, 395

U.S. 1, 4-5 (1969); see also United States v. Testan, 424 U.S. 392, 398 (1976); Ledford, 297 F.3d at 1381; City of Tacoma, Wash. v. Richardson, 163 F.3d 1337, 1341 (Fed. Cir. 1998).

Although plaintiffs seek monetary relief, Congress has restricted the Court of Federal Claims's authority to claims based on statutes or regulations that require the payment of money, contracts express or implied in fact, or claims for property that has been taken in violation of the Fifth Amendment of the Constitution. See United States v. Mitchell, 463 U.S. 206, 215-18 (1983); see also Ledford, 297 F.3d at 1381 ("It is well established that the Court of Federal Claims has jurisdiction only where and to the extent the government has waived its sovereign immunity, and any waiver of sovereign immunity cannot be implied but must be unequivocally expressed." (internal quotations omitted)). Plaintiffs bear the burden of establishing subject matter jurisdiction by a preponderance of evidence. Taylor v. United States, 303 F.3d 1357, 1359 (Fed. Cir. 2002).

2. Prior filed pending actions

Plaintiffs have submitted an enormous amount of material in support of their claim that was preceded by the filing in federal district courts of a similar complaint. Defendant raises, as an insurmountable bar to plaintiffs' complaint, the fact that claims based on the same operative facts and pleading the same facts are pending as Waialeale v. United States, No. CV06 00053SOM KSC (D. Haw. Jan. 27, 2006). 28 U.S.C. § 1500 (2000), provides that the Court of Federal Claims lacks jurisdiction over the previously filed case. See Keene Corp. v. United States, 508 U.S. 200 (1993).

Accordingly, based on the foregoing, the Clerk of the Court shall dismiss the complaint without prejudice for lack of subject matter jurisdiction.

**IT IS SO ORDERED**.

No costs.

s/ Christine O. C. Miller

_________________________________________

**Christine Odell Cook Miller**
Judge