**UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **ISMAEL JOHN, et al.,** | ) | |
| | ) | **No. 06-289 L** |
| **Plaintiffs,** | ) | |
| **v.** | ) | |
| | ) | **Hon. Christine O.C. Miller** |
| **THE UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S RESPONSE TO THE**
**MARCH 14, 2007 "SHOW CAUSE" ORDER**

Defendant, the United States, hereby responds to the Court's Order dated March 14, 2007, directing the parties to show cause "as to why the motions [to dismiss this case and The People of Bikini, No. 06-288C] should not be argued and decided together and whether they should not be consolidated for further proceedings pursuant to RCFC 42(a)."

The United States agrees that its motion to dismiss this action may be argued together with the government's motion to dismiss in People of Bikini, provided that the Court allows Defendant sufficient time to address separately any issues that may be unique to this action. For example, Plaintiffs in this action allege, in Count I, a temporary physical taking of Enewetak Atoll that has no counterpart in People of Bikini. Similarly, the plaintiffs in People of Bikini assert claims, such as Count IV (Third-party Beneficiary Breaches of Implied Duties and Covenants), that have no counterpart in this action. Accordingly, with the assumption that the Court will allow Defendant an opportunity to separately address any distinct issue, then the United States does not oppose arguing this action together with People of Bikini.

The United States, however, believes that the cases should not be consolidated at this time, and that the motions should be decided separately. Pursuant to Rule 42(a) of the Rules of the Court of Federal Claims ("RCFC"):

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delays.

The Court has broad discretion to determine whether consolidation is appropriate. Boston Edison Co. v. United States, 67 Fed. Cl. 63, 65 (2005) (quoting Cienega Gardens v. United States, 62 Fed. Cl. 28, 32 (2004)). "In determining whether consolidation is appropriate, the court must weigh the risks of prejudice and possible confusion against 'the risk of inconsistent adjudication of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.'" Id. at 65-66 (quoting Cienega, 62 Fed. Cl. at 31); see also Johnson v. Celotex Corp., 899 F.2d 1281, 1285 (2d Cir. 1990); Arnold v. Eastern Air Lines, Inc., 681 F.2d 186, 193 (4th Cir. 1982). The appropriateness of consolidating claims depends on whether the interest of judicial economy outweighs the potential for delay, confusion, and prejudice that may result from consolidation. Karuk Tribe of California v. United States, 27 Fed. Cl. 429, 433 (citing Bank of Montreal v. Eagle Assocs., 117 F.R.D. 530, 532 (S.D.N.Y. 1987)).

It is evident that there are common issues of law and fact in these cases. Indeed, the question of whether the Court possesses jurisdiction to hear these cases in light of Congressional

withdrawal of jurisdiction from all courts in the Compact Act is common to both cases, as are the non-justiciable political questions raised by the complaints. However, each case includes claims not found in the other, as noted above. Moreover, while the United States moved to dismiss both cases because the six-year statute of limitations under 28 U.S.C. § 2501 has expired, the underlying facts differ in some respects requiring separate consideration, although the same result should be reached. For example, in John, the people of Enewetak were evacuated from their atoll in December, 1947, and returned in October, 1980. See John, No. 06-289L, Am. Compl. ¶¶ 57, 91. The people of Bikini were evacuated from their atoll in 1946, were permitted to return in 1969, were evacuated again in 1978, and have not been able to return because of residual radiation. See People of Bikini, No. 06-288C, Am. Compl. ¶¶ 23, 33, 37, 38. While these events have occurred over twenty-five years ago, warranting dismissal on statute of limitations grounds, they will require separate consideration when determining when the plaintiffs' takings claims accrued and when they expired.[1/]

Additionally, it is not necessary to consolidate these actions at this time in anticipation of an appeal from the Court's decision on jurisdiction. Rule 27 of the rules of the Court of Appeals for the Federal Circuit specifically contemplates motions to consolidate appeals. See Fed. Cir. Rule 27(h)(7) (authorizing the Clerk to grant unopposed motions to consolidate). Consequently, if appeals are taken in both actions, they can be consolidated for appellate review in the Federal

[1/] While the plaintiffs in People of Bikini do not allege a direct taking of their atoll during the nuclear testing program (as the plaintiffs in John assert in Count I), they effectively allege a taking of their taking claim. See People of Bikini, No. 06-288C, Am. Compl. ¶¶ 79, 104 (alleging that the people of Bikini sought damages for "the loss of use of Bikini Atoll" in the Nuclear Claims Tribunal, and asserting a claim for the alleged taking of their claims before the Tribunal).

Circuit and need not be consolidated in the Court of Federal Claims. Regardless of any potential appeal, the Court could revisit this issue, if any claims survive after the Court rules upon the government's pending motions to dismiss. Furthermore, without consolidating these actions, the Court could direct the parties to coordinate their efforts to avoid unnecessary duplication, should these actions go forward.

Finally, because both actions currently are pending before the same Court, the "risk of inconsistent adjudication of common factual and legal issues" will be avoided. Cienega, 62 Fed. Cl. at 31.

Accordingly, the United States respectfully requests that the Court not consolidate these actions, that it hear oral argument on the United States' motions to dismiss at the same time, but decide the cases separately.

Respectfully submitted,

MATTHEW J. McKEOWN
Environment and Natural Resources Division
Acting Assistant Attorney General

s/ Bruce K. Trauben
BRUCE K. TRAUBEN
Natural Resources Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
(202) 305-0238 (phone)
(202) 305-0267 (fax)

OF COUNSEL:
KATHRYN A. BLEECKER
Assistant Director
U.S. Department of Justice
Civil Division
1100 L Street, NW, 8th Fl.
Washington, D.C. 20530
(202) 307-6288 (phone)

Dated: March 23, 2007